IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES C. WINDING                                                                                    PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 3:13cv385-TSL-JMR

TYEASA EVAN; F. SHAW; F. OVALLE;
R. RICE; D. SMITH; MTC, INC.; R. DAVIS;
MICHAEL WHITE; E.L. SPANKMEN;
ANTHONY COMPTON; JIM NORRIS;
CHRISTOPHER EPPS; D. HUGGINS;
M. POWE; H. HOLLIE; A. HODGSON;
V. RIVERA; and L. PRUDE                                                                          DEFENDANTS

REPORT AND RECOMMENDATION

This matter is before the Court on various motions filed by the plaintiff, James Winding [Winding], in this civil action. Winding filed a motion to submit proof of exhaustion [8]; motion to strike [13] defense [sic] Judge Keith Ball's motion to dismiss; motion to compel [14] Judge Keith Ball to produce his order revoking *in forma pauperis* status; motion to amend [15] or correct the notice of removal to bring a request for injunctive relief against Judge Keith Ball; a motion [16] to "submit exhaustion of EMCF ARP completion"; a motion to overcome [17] the motion to dismiss filed in this case due to "Civil Conspiracy"; a motion to amend [20] to present evidence of "on-going corruption"; and a second motion to amend [40] to submit "new evidence of on-going corruption." Winding also has pending a motion for partial summary judgment [21], and an associated motion to strike [24] the motion for partial summary judgment.

Also pending before the Court is the motion filed by the Defendants F. Shaw, F. Ovalle, R. Rice, D. Smith, Management & Training Corporation [sued as MTC, Inc.], R. Davis, D. Huggins, M. Powe, H. Hollie, A. Hodgson, V. Rivera, and L. Prude [24] to strike the attachment to plaintiff's motion for partial summary judgment. According to the Defendants, the attachment contains inadmissible hearsay which does not meet the requirements of Federal Rules of Civil

Procedure 56(c)(4).

The complaint in this case was filed under 42 U.S.C. § 1983 in the Circuit Court of Hinds County on May 5, 2013, and removed to this court on June 18, 2013. [1.] Winding contends that the defendants "allowed ongoing sexual assaults and assaults to continue [sic] to take place without taken [sic] corrective action, provide adequate supervision for Winding" "ongoing environmental conditions that cause or aggravated [sic] such problems" "that Hon. Keith Ball magistrate judge making bias comments" and "rejecting district court practice of barring prisoners with three strike [sic] from filing exception if they have not paid filing fees." [1-7, p. 5.] He claims that the defendants made the ARP process unavailable by stating "the ARP department is for pre-litigation" [1-7, p. 6.] Winding lists seventeen cases filed in federal court advancing a claim of failure to protect, many naming these same individuals as defendants. [1-7, pp. 7-8.] Winding seeks $15,000 in unspecified damages from "all MTC officials" and "same relief granted by GEO Group, Inc., to be paid to plaintiff from MDOC officials" plus unenumerated in punitive damages. [1-7, p. 7.]

Winding claims that the three strike defense should not apply in this case because the suit was originally filed in state court. [8, p. 1.] Winding's first motion "to submit exhaustion" includes an undated copy of a response filed to Winding's complaint concerning the Buddy system at the East Mississippi Correctional Facility [EMCF] and claims of corruption by the staff. [8, p. 3.] His second motion to "submit exhaustion" includes a copy of a Rule Violation report [RVR] dated January 25, 2013, regarding a document presented by Winding to Warden Rice. [16-1, p. 6.]

Winding's motions to strike Judge Ball's motion to dismiss [13], motion to compel [14] production of documents from Judge Ball, and motion to bring a claim of injunctive relief against Judge Ball [15] were all rendered moot when Judge Ball's motion to dismiss was granted

2

on September 5, 2013, and all claims against Judge Ball were dismissed from this case. [29].

Winding seeks to amend his complaint and submit new evidence of corruption within the MTC and MDOC as allegedly evidenced by internet articles of an unknown source which Winding claims prove a pattern of deliberate indifference at EMCF. [20, p. 1; 20-1, pp. 1-38; 40.]

Winding's motion for partial summary judgment contends that evidence of "a pattern of on-going of [sic] deliberate indifference barbaric, poor management, retaliation, sexual assault(s) condition perform [sic] by both MTC and MDOC officials." [21.] No other information is provided by Winding regarding the motion, other than a demand for $38,000 in punitive damages. [21.] No specific allegations are raised against any of these defendants. [21.] Attached as support for the motion are the same group of internet articles which he attached to his motion to amend. [21-1, pp. 1-38.] The motion to strike the attachment to motion for summary judgment argues that the information is hearsay and should be struck. [24.]

Winding contends that these defendants made the ARP unavailable "by stating the ARP department is for pre-litigation and once an offender has a pending lawsuit the ARP department cannot help that offender." [1-7, p. 6.] He claims the defendants failed to investigate and allowed on going assaults, sexual assaults, harassment, and retaliation. (*Id.*) Winding presents nothing to indicate how each individual defendant is allegedly involved in his claims for "failure to investigate." Winding appears to allege that the Defendants violated his constitutional rights by failing to conduct a thorough investigation of the incidents listed in his complaint. In order to state any claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ." *West v. Atkins,* 487 U.S. 42, 48 (1988). A prisoner does not have a federally protected right to have his grievances investigated and resolved. For a state-created liberty interest to be protected, its deprivation must amount to an

3

"atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483, 487 (1995).

Even if Winding's allegations are true that the defendants in this case failed to address Winding's grievances by conducting an investigation to his satisfaction, that fact does not create a cause of action for denial of due process because Winding was not deprived of a protected liberty interest. Prison grievance procedures do not confer any substantive right upon an inmate requiring the procedural protections envisioned by the Fourteenth Amendment. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). The right to properly administered prison grievance procedures does not fall into the narrow category of protected liberty interests discussed by the Supreme Court in *Sandin. Geiger,* 404 F.3d 371 at 373-4; *Propes v. Mays,* 169 Fed. Appx. 183, 184-5 (5th Cir. 2006).

If a complaint brought by a prisoner is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief, a Court may dismiss the complaint. 28 U.S.C. § 1915A; 29 U.S.C.§ 1915(e)(2); 42 U.S.C. § 1997e(c)(1). A Spears hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

Winding must demonstrate the personal involvement of a defendant in the denial of constitutional rights or a causal link between that defendant's conduct and the deprivation. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). For a supervisor to be liable under § 1983, the plaintiff must show the following: (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *City of Canton v. Harris,* 489 U.S. 378 (1989). Nothing in Winding's complaint meets these standards.

The Court recommends that Winding's claims against all named defendants be dismissed. Winding has failed to state a viable constitutional claim against any defendant in this case. In addition, it appears that Winding has failed to support his motion for partial summary judgment with any competent evidence. The Court recommends that Winding's motion for partial summary judgment be denied. The Court further recommends that the motion to strike the articles presented in support of the motion for partial summary judgment be denied as moot.

Because Winding's complaint rests on a legally nonexistent interest, the Court finds that Winding's claims lack an arguable basis in law and are frivolous. Winding brought this suit in state court and was granted *in forma pauperis* status by the state court, which rendered such a finding moot in this court. Since Winding requested and was granted permission to proceed *in forma pauperis* in the state court, and his case was removed to federal court without him being required to pay the filing fee, he is now proceeding under the PLRA. *See Skinner v. Switzer,* ––– U.S. ––––, 131 S.Ct. 1289, 1299–1300 (2011); *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 315 (11th Cir. 2001), *cert. denied,* 533 U.S. 953 (2001).

A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)). As discussed above, Winding has not presented a viable claim under § 1983, because his claims that he was denied the right of access to the court system by any of these defendants or that any defendant failed to process or consider his grievance are not constitutionally protected rights. Accordingly, the Court finds that Winding's claims against each of these defendants lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 326-330 (1989). The Court recommends

that his claims under 42 U.S.C. § 1983 be dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted under 28 U .S.C. § 1915(e)(2)(B).

The Court recommends that Winding's motion to dismiss [13]; to compel [14] and to amend [15] should be denied as moot because Judge Ball was dismissed from this case by Court order in September 2013. The Court further recommends that Winding's motions to submit proof [8]; to submit exhaustion of ARP proceedings [16]; to dismiss [17] because of an alleged civil conspiracy; and to amend [20, 40] to submit "new evidence of on-going corruption" are moot, and should be denied as such. Finally, the Court recommends that Winding's motion for partial summary judgment [21] be denied and that the motion to strike [24] the articles presented in support of the motion for partial summary judgment be denied as moot.

## CONCLUSION

In summary, the Court recommends that this case be dismissed with prejudice, for failure to state a claim. The Court further recommends that Winding's motion for partial summary judgment [21] be denied, and the motion to strike [24] the articles presented in support of the motion for partial summary judgment be denied as moot. Finally, the Court recommends that Winding's motions to submit proof [8]; to strike Judge Ball's motion to dismiss [13]; to compel [14]; to amend or correct [15] to "submit exhaustion of EMCF ARP completion" [16]; to overcome defense [17]; and to amend [20, 40] are moot, and should be denied as such.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than January 22, 2014, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to

proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

    THIS the 8th day of January, 2014.

                                                                         s/ John M. Roper, Sr.
                                          CHIEF UNITED STATES MAGISTRATE JUDGE