```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                 NORTHERN DIVISION
```

JAMES C. WINDING                                         PLAINTIFF

VS.                             CIVIL ACTION NO. 3:13CV385TSL-JMR

TYESA EVAN, ET AL.                                      DEFENDANTS

<u>ORDER</u>

This cause is before the court on the report and recommendation of Magistrate Judge John M. Roper entered on January 8, 2014, recommending that the complaint in this case be dismissed for failure to state a claim and that plaintiff's various motions be denied.  Plaintiff James C. Winding has filed four motions in response to the report and recommendation, which the court deems to be objections.  Having reviewed the report and recommendation and plaintiff's objection, the court concludes that the report and recommendation is adopted subject to the following clarification.

While the report and recommendation initially purports to screen the complaint pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1), the magistrate judge ultimately appears to have recommended dismissal for failure to state a claim under § 1915(e)(2)(B)(allowing <u>sua sponte</u> dismissal for delineated reasons).  However, inasmuch as plaintiff has not been afforded <u>in forma pauperis</u> status by this court,[1] as the case

---

[1] The court's review of the state court record did not reveal an order granting plaintiff <u>ifp</u> status under state law.

was removed to this court by defendants, who paid the filing fee, it is not clear to the court that screening pursuant to 28 U.S.C. § 1915(e)(2)(B) is appropriate. See <u>Jae v. Stickman</u>, Civil Action 12-1332, 2012 WL 5830633 (W.D. Penn. Nov. 16, 2012)(declining to screen removed prisoner complaint under § 1915(e)(2)(B), but concluding that complaint could screened under other pertinent statutes).[2]  This being said, it is clear that the court has the

---

[2]  The court notes that if 28 U.S.C. § 1915 (entitled "Proceedings in forma pauperis") has application in a removed case where the removing defendants have paid the filing fee, it seems that the proper course in this case, given that Winding has incurred three strikes in this district, would not be to screen his case under 28 U.S.C. § 1915(e), but rather to dismiss the action pursuant to 28 U.S.C. § 1915(g), subject to Winding's either paying the filing fee or showing that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm.").  Several courts have determined that § 1915(g) has application in removed cases, <u>Riggins v. Corizon Medical Svcs</u>, Civil Action No. 12-0578-WS-M, 2012 WL 5471248 (S.D. Ala. Oct. 19, 2012)(stating that "to [not] apply the 'three-strikes' rule to Plaintiff's removed state court action would allow Plaintiff to accomplish an end-run around the 'three-strikes' rule by filing in state court and hoping, perhaps, for removal of his action to [federal] Court"); <u>Crooker V. Global Tel Link</u>, No. 11-229L, 2012 WL 651644 (D. R.I. Jan.6, 2012)(concluding that § 1915(g) applied in removed cases and requiring plaintiff to pay filing fee or demonstrate imminent danger of serious physical harm); <u>Farnsworth v. Washington State Dept. of Corrections</u>, No. C07-0206-RSM, 2007 WL 1101497 (W.D. Wash. April 9, 2007) (concluding over plaintiff's objection that removed case could count as "strike" under § 1915(e)).  The Fifth Circuit, however, has left the question unanswered. <u>Fleming v. United States</u>, 538 Fed. Appx. 423 (5th Cir. Aug. 7,

2

authority to screen a prisoner complaint for, among other reasons, failure to state a claim as to the governmental defendants under 28 U.S.C. § 1915A (permitting screening of prisoner complaints against governmental entity or officer), and as to all defendants under 42 U.S.C. § 1997e (authorizing court to sua sponte screen any action challenging prison conditions under § 1983).  Reviewing the May 3, 2013 complaint for failure to state a claim under §§ 1915A and 1997e, the court finds that the magistrate judge correctly concluded that Winding's complaint failed to state a claim upon which relief could be granted and that the complaint is due to be dismissed.

The court reaches this decision in spite of Winding's objections.  By his objections, Winding seeks to amend his complaint to add both new claims and defendants.  While the putative claims are predicated on wholly conclusory allegations, the claims also relate to incidents which occurred after he initially filed this complaint in state court on May 3, 2013.  As Winding's proposed amendments are simply an attempt to litigate a new action or actions without the payment of the requisite filing fee, his requests to amend will be denied and his objection will be overruled.

---

2013)(concluding where district court correctly found that complaint in removed case properly was dismissed under § 1915A, appellate court need not consider whether dismissal under § 1915(g) was in error).

Based on the foregoing, it is ordered that the report and recommendation of United States Magistrate John M. Roper entered on January 8, 2014, be, and the same is hereby, adopted as the finding of this court to the extent as modified above. Accordingly, it is ordered that plaintiff's complaint is dismissed with prejudice and that Winding's various pre-report and recommendation motions are denied as recommended by the report and recommendation.

Finally, it is ordered that Winding's various post-report and recommendation motions are denied.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 18th day of March, 2014.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE